RECEIVED
AUG 1 6 2010
2016ZZLL
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case: 1:10-cv-05149 Document #: 1 Filed: 08/16/10 Page 1 of 16 PageID #:1

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| INNOCENT OBI ) | JURY DEMAND |
| **Plaintiff** ) | |
| V. ) | CASE #: |
| ) | |
| MICHAEL D. SPINAK, SPINAK & BABCOCK, P.C., (SPINAK & ) | |
| LEVINSONON), DOROTHY BROWN –CLERK OF CIRCUIT COURT ) | 10cv5149 |
| OF COOK COUNTY, ) | Judge Virginia M. Kendall |
| TAMIKA FULTZ AND TANIKA FULTZ | Magistrate Susan E. Cox |
| **DEFENDANTS** | |

### INTRODUCTION

Innocent Obi, a pro se litigant, pursuant to Illinois Supreme Court Rule 753 (b)

complaints of defendants ,Michael D. Spinak and Spinak & Babcock P.C, law firm, who

was licensed to practice law in Illinois on July 24th 1974, and alleges that Defendant has

engaged in conspiracy with others in the following conducts which tends to defeat the

administration of Justice or to bring the courts or the legal profession into disrepute:

### VERIFIED COMPLAINT

NOW COMES the Plaintiff **INNOCENT OBI**, in the above entitled action (hereinafter called

plaintiff),to complaint against, defendants (hereinafter known as defendants) Michael D Spinak,

Law firm of Spinak & Babcock L.P., Dorothy Brown-Clerk of the circuit Court of Cook County,

Tanika Fultz and Tamika for fraud and inappropriate conduct, conversion of Unearned fees

,Deformation, Illegal Solicitations, conspiracy, Civil Rights Violations 42 U.S.C. Section

1983,1985 and 18 U.S.C. 241, punitive damages, intentional infliction of emotional distress,

damages and any other relief which this court deems proper and just . Stats as follows:

## PARTIES

1. Plaintiff is a resident of the state of Illinois who resides in the city of Chicago. Plaintiff has five Children ages 3 to 14 years old. The case that is the germane of this law suite is case #: 08-M1- 711455 .

2. Michael D. Spinak is a resident of the city of Chicago and citizen of the state of Illinois. Plaintiff charges Defendant Michael D. Spinak for conversion, fraud and inappropriate conduct, illegal solicitations and for violation of the federal Civil Rights Violations 42 U.S.C. Section 1983, 1985 and 18 U.S.C. 241.

3. Spinak & Babcock L.P. is a law firm that regularly conducts business in Chicago, Illinois, Plaintiff charges Spinak & Babcock L.P conspiracy with other defendants to cause harm, infliction of emotional distress to plaintiff with engaging in other illegal practices.

4. Clerk of the circuit Court of Cook County is a resident of Chicago, state of Illinois with its principal place of business located in Chicago, county of Cook and State of Illinois. Defendant Circuit court of Cook County may be served with process by serving Dorothy Brown, Clerk of the Circuit Court of Cook County. Plaintiff charges defendants cook county circuit court and Dorothy Brown for conspiracy, intentional infliction of emotional distress, violation of civil Rights -42 U.S.C. section 1983, Failure to intervene- 42 U.S.C. section 1983- 4th amendment, state law-defendant superior and indemnification

5. Tanika Fultz is a resident of Chicago, county of Cook and State of Illinois. Defendant Tanika Fultz can be served with process by serving Michael Spinak her attorney, Tanika Fultz is charged for fraudulently filing counterclaims without paying correct fee and for deformation of Character.

6. Tamika Fultz can also be served with process by serving her attorney Mr. Michael D. Spinak, Tamika Fultz is charged for fraudulently filing counterclaims without paying correct fee and for deformation of Character.

7. At all times, Dorothy brown clerk of the circuit court of cook county was the clerk employed by county of cook and is sued in her official capacity as clerk of the circuit court during when such fraudulent activity happened

8. At all times of the alleged incident, and at all times pertinent hereto, Defendants acted under color of law, of a statue, ordinance. Regulation, custom, or usage.

### JURISDICTION

9. This Court has jurisdiction over the law suite because the actions arises under 42 U.S.C. Section 1983, 1985 and 18 U.S.C. 241. This Court has supplemental jurisdiction over the lawsuit under 28 U.S.C. sections 1367,1331 and 1343 as they arise under the fourteenth amendments to the Constitution of the United States and over plaintiff's state law claims because plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under the sixth amendments of United States Constitution.

### VENUE

10. Venue is appropriate in the Northern district of Illinois pursuant to 28 U.S.C. sections 1391(b), as all of the events complained of occurred in Cook County, Located in this district.

### FACTS COMMON TO ALL

### COUNT I
*(Conversion of Unearned Fees from Innocent Obi)*

all of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

11. On or around 12/11/2008 Plaintiff paid defendants attorney Mr. Michael Spinak some fund for deposition but Judge Garber denied plaintiff the right to discovery, due process right as allowed by the Constitution of the United State Of America and consequently, Mr. Michael Spinak withheld the funds and never released it back to plaintiff even after numerous attempt to collect it.

12. Plaintiff Filed a complaint against defendant Michael D. Spinak to ARDC to order Mr. Spinak to refund the funds back.. From all indication, Counsel Mr. Michael Spinak being very sensitive to money refused to refund the money and vowed to plaintiff that he will make sure that he bankrupt plaintiff.

Mr. Spinak fraudulently withheld this fund, his desire for money has made him to forget the value of human life. He has insulted, harassed and humiliated Plaintiff and even called him a "Black Looser" which was reported to the presiding Judge Hon. Judge Sheldon Garber. but no action was taken, I further reported him to the disciplinary board of which

Apology was rendered indirectly.

13. Due to Counsel's relationship with the Judge presiding in the case, Plaintiff requested that the judge be substituted after series of prejudicial behavior and bias was observed and witnessed. But Counsel and the Judge insisted and violated Plaintiff (Innocent's Obi due process right).

Even to the extent of continuing to enter orders when the Judge knew that the case was appealed on and that he has no jurisdiction to hear the case further until the mandate comes back. By reason of the conduct described above, Defendant Mr. Michael Spinak and his Law firm Spinak & Babcock P.C. has engaged in the following misconduct:

   a. conversion;
   b. failure to keep client or third party funds separate from his own, in violation of Rule 1.15(a) of the Illinois Rules of Professional Conduct;
   c. failure to refund promptly any part of a fee paid in advance that has not been earned, in violation of Rule 1.16(e) of the Illinois Rules of Professional Conduct;

frivolous legal representation which is costing plaintiff like my self thousands of

Dollars in long useless litigations.

19. I strongly believe that during discovery, this Court will observe that 75% of Mr

Michael D Spinak, Spinak and Babcock P.C. representation cases, were defendant

representations by solicitation without any retainer fee, no money down.

By reason of this conduct described above occurring prior to June 2nd 2010.

Defendant has engaged in the following misconduct:

a. committed an act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer by violating 720 ILCS 5/26-1(a)(1), in violation of Rule 8.4(a)(3) of the Illinois Rules of Professional Conduct;
b. conduct that is prejudicial to the administration of justice, in violation of Rule 8.4(a)(5) of the Illinois Rules of Professional Conduct; and
c. conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770

### COUNT III

### (Fraud and inappropriate conduct)

all of Paragraphs in this Complaint are incorporated by reference as though fully set forth

herein.

20. In 2008, Mr. Michael D Spinak and Spinak & Babcock agreed to represent defendants

Tamika Fultz and Tanika Fultz in Case #: 08 M1 711455 without any retainer contract or

payment rather wish to exploit plaintiff and frivolously file unnecessary counterclaims

without paying the fee set by statue.

21. Fraud upon the Court is a serious issue, Under Illinois Laws and Federal Laws, when an

officer of the Court has committed "Fraud upon the Court" the orders and Judgment s of

that Court are Void of no legal force or effect. It is clear and well established law that any

attempt by an officer of the court, whether attorney or Judge to deceive is considered fraud

and when the attempt to deceive occurs in a judicial proceeding it is Fraud upon the Court".

The Illinois Supreme Court has held "Fraud encompasses a broad range of human behavior, Including but not limited to whether it be direct falsehood or innuendo, by speech or by silence, by words of mouth or by look or gesture" Regenold v.Baby Fold, Inc 68 Ill.2d.419,435 (1977)., citing People ex rel. Chicago Bar Association v.Gilmore, 345 Ill.28,46, (1944) The Court has previously disciplined lawyers even though their fraudulent misconduct did not harm any particular individual [99 Ill.2d.252] . In re Lamberis, 93 Ill.2d.222,229.(1982)

22. As an officer of the Court, Mr. Michael D. Spinak has constantly violated Rule 8.4 (a) (4) of the Illinois Rules of Professional Conduct states that a lawyer shall not engage in conduct involving dishonesty. It is well-settled in Illinois law that an attempt to commit "Fraud upon the Court Vitiates the entire proceeding. See People of State of Illinois v. Fred E. Sterling, 357 Ill.354,192 N.E 2d. 229, (1934).Mr. Michael D. Spinak knew and should have known that the fee required by statue shall be paid in advance before filing of any document (Counterclaim)

23. Mr. Spinak fraudulently secured and filed counterclaim without paying any fee. There is no record on file attesting to payment of fees for counter claim that he filed on behalf of his clients.

24. A detailed investigation has been conducted by office of the Clerk of Circuit Court and determined that no fee was paid for the counterclaim filed by defendant's attorney on 05/19/08.

25. A mandatory provision is one which the omission to follow renders the proceeding to which it relates illegal and void. Hester v. Kamykowski, 13 Ill. 2d 481, 150 N.E.2d 196 (1958). It is mandatory that fees for counterclaim be paid before filing the claim it is not discretional. Since Mr. Michael Spinak fraudulently filed the counterclaim without paying fees, his fraudulent behavior resulted in all issues related to the claim void. And should be sanctioned for such inappropriate conduct and fraud (fraud upon the Court)

26. In state v. Chicago,etc., Ry Co. (Ind Supp 2000),43 N.E.225 held that he should neither file nor record any of such article unless all fees for filing were paid first. The Court stated that Payment of Such fees were a condition precedent to the filing, in other words that the filing could not be affected without the prior payment requisite fees. The court saying," the rule may be asserted that where the statue provides that the filing fee "shall be paid in advance of the filing of the document".

27. However pursuant to the statue 735 ILCS 105/27.2 a fee ., Counties of 3,000.000 or more the fees "shall be paid in advance and "shall be as follows", The fees for filing a complaint, petition, counter complaint, or other pleadings initiating a civil action.

28. The word "SHALL "in the statue means mandatory. The word "shall in this provision means payment "indicate a mandatory" People v. Galan, 229 Ill.2d. 484, (2008)., (" the word "shall" indicates a mandatory requirement)., the fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. See Michigan Avenue National Bank v. County of Cook, 191 Ill.2d. 493, 505-04,(2000) Accordingly, Courts should consider the statue in its entirety, keeping in mind the subject it address and it legislature's apparent objective in enacting it. People v. Davis, 199 Ill.2d. 469,479 (1994).Court May not correct legislature oversight's in a manner inconsistent with clear and unambiguous language. Court may not under guise of statutory interpretation. See People v. Pullen, 192 Ill.2d.26, (2000).

By reason of the conduct described above, defendant has engaged in the following misconduct:
   a. failure to act with reasonable diligence and promptness in representing a client, in violation of Rule 1.3 of the Illinois Rules of Professional Conduct;
   b. failure to pay the required fee for filing of documents pursuant to 735 ILCS 105/27.

- c. conduct involving dishonesty, deceit, fraud, or misrepresentation, in violation of Rule 8.4(a)(4) of the Illinois Rules of Professional Conduct;
- d. conduct that is prejudicial to the administration of justice, in violation of Rule 8.4(a)(5) of the Illinois Rules of Professional Conduct; and
- e. conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770

IV

**CONSPIRACY**

All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

29. Defendants, Michael D. Spinak, Spinak & Babcock P.C, and the office of Clerk of the circuit court all knowing fully that defendants have not paid the counter claim fees, that they have no legal right to file their counterclaim unless required fees were paid in advance, deliberately ignored the statue and proceeded with counterclaims that are void in its nature. Hon. Judge Sheldon Garber who has been requested to be removed from the case as a result of Bias, prejudice and favoritism against plaintiff and in favor of defendant's attorney due to their long time relationship should have stayed the proceeding until payment was made rather he continued to enter void orders, likewise the office of the clerk of the Circuit Court of Cook County shouldn't have accepted the counterclaim, but from investigation conducted by plaintiff, counterclaim was not accepted by the clerks office but was free filed by stamping it by Michael Spinak without going through the cashier for the clerk of the Circuit court. This is a constant illegal practice by law firms like that of Spinak and Babcock, which result to the long expensive litigation in that case and causes more stress and legal cost for plaintiff.

30. All defendants conspired with one another in a concerted effort to violate state laws, prohibiting payment of legal fees and for filing court forms..

31. Defendants, with direct and indirect approval among one another, should have known that their activities to continue the case without filing and paying for counterclaim is illegal and will result in the dismissal of the counterclaims for noncompliance with form of payment. S.H.A. ch.33

section 29;ch. 53, section 31.1; S.H.A. Const.1970,art.7, section 9. , knowing fully that the statue has been violated, knowing fully that they have to pay the correct fee for counterclaim the same as if they were filing a new claim, knew it was wrong but conclusively did it and was the direct and proximate cause of plaintiff's damages.

32. Plaintiff was not aware until after investigation and that defendants shouldn't have continued the case without proper filing and payment of correct fees which was a direct violation of the due process right under the Constitution of the United States Of America the sixth amendment.

33. Defendants Michael D Spinak and Spinak & Babcock P.C. to continue the case conspired directly or indirectly with the judge without paying correct fee, with the sole intent to delay the legal process, to frustrate plaintiff and defraud him and take away his money, were done solely with the intent to deprive and interfere with plaintiff substantial rights to recovery of all outstanding debt own to plaintiff and use of his property.

34. Defendants Michael D Spinak, Spinak & Babcock P.C. and Dorothy Brown- Clerk of Cook County court negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct loss of income to the said property forcing plaintiff to be late in mortgage payment and affecting plaintiff's credit score. As a result of defendant's action, plaintiff was damaged and was depressed.

WHEREFORE, Plaintiff being damaged in his person and unduly influenced in the loss of income, request relief as follows;

    A. Actual damages in the amount to be decided by the Jury or approximately $120.000.00

    B. Compensatory and punitive damages as will be decided by the jury

    C. Other relief this Court finds just and proper

    D. Trial by jury on all counts.

## COUNT V
### PUNITIVE DAMAGES

35. All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

36. The defendants' actions were willful, malicious, wanton and in reckless Disregard for plaintiff family.

37. Tanika Fultz and Tamika Fultz being represented by their attorney Michael D. Spinak and Spinak & Babcock P.C. should have known that the fee for a counterclaim is mandatory, that filing without paying the correct fee moots the whole counterclaim and must be dismissed as a matter of law. That it is against the 6th amendment, violation of Federal laws of due process right.

38. There is a strong public policy for punishing and sending a message to the Defendants', that no one is above the law, and that every U.S. citizen and legal resident is to be Treated with common decency and respect, and guaranteed equal protection And due process under the United States Constitution.

39. If the defendants' are not held accountable and assessed punitive damages, They will continue such deceptive and unfair business practices, and Continually destroy families and lives.

40. Moreover, this type of intentional disregard for the law and order could Unnecessarily result in someone being severely injured or even grave harm.

**WHEREFORE**, Plaintiff with all these counts, demand judgment of $150,000.00 against all defendants for compensatory and any other amount as shall be fair and just compensation

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. All of the paragraphs in this complaint are incorporated by reference as though fully set forth herein

42. The defendants Michael D Spinak, Spinak & Babcock P.C are experienced in the business of filing frivolous counterclaim law suits against landlords in any eviction case for non payment of rent.

43. The Plaintiff was informed through his communication with defendants and or its Agents or otherwise acting on behalf those defendants knew that Plaintiff has five Children living with him that fully depend on him for living, and knew that delay in paying of rental obligation will harm plaintiff severely .Defendants also knew that plaintiff Was especially vulnerable and susceptible to defendant's actions.

44. Defendant's had full knowledge of their lack of legal justification regarding its objective concerning trying to illegally file counterclaims without paying the appropriate fees mandated by the statue, without serving plaintiff with the copy of the counterclaim, refusal to return payment for deposition which was denied by Mr. Michael Spinak and Hon. Judge Garber Sheldon. and continual filing of motions by defendant Michael Spinak for the Fultz's sisters and consequently entering of void orders by Judge Garber and Hon. Judge Gillespie when they knew that the trial Court has no jurisdiction over the case while the case was in Illinois Appeal's court.

45. Defendant's conduct as described above was done with the intention to cause emotional distress to plaintiff or was done recklessly in deliberate disregard of a high degree of probability that emotional distress would result from said actions.

46. As a result of defendant's conduct, plaintiff suffered actual damages :

   a. Plaintiff suffered extreme distress because he was embarrassed and humiliated by the Defendants actions.

b. Plaintiff constantly cries, and unable to relax and continues to have difficulty sleeping, as a result plaintiff high blood pressure was constantly high. A treat to his life.

c. Plaintiff due to high stress level was unable to concentrate, failed to file documentation at work and was fired after 10 years of employment.

d. Plaintiff lost of rental income as a result of this disgraceful occurrences

47. Defendants extreme and outrageous conduct as described above was the actual and proximate cause of plaintiff's emotional distress.

### Count VII
### (Violation of Civil Rights – 42 U.S.C. § 1983)

48. All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

49. on 05/19/08, defendants Michael D. Spinak, through his law firm Spinak & Babcock P.C. was under a duty to avoid using unreasonable, unnecessary means to effectuate his illegal intention of filing a counterclaim for his clients without paying the fee, by- passing the cashiers office in the clerk of Cook County Circuit Court, stamping his fraudulent and frivolous counterclaim without paying for it and without due process of service to plaintiff

50. Moreover, at the aforesaid time and place, defendants Michael D.Spinak, through his law firm Spinak & Babcock P.C. were under a duty to comply with and conduct themselves in accordance with accepted and established court procedures and policies to have the counterclaim fee paid and stamped by the cashier of the clerk of Cook County court.

51. Notwithstanding these duties, Defendants Michael D Spinak and Spinak and Babcock P.C. violated accepted and established Illinois legislative procedures and policies on filing for counterclaims and service of any filings which is a direct violation of the United States Constitution. On Civil Rights amendment XIV section 1 . Hon. Judge Garber Sheldon presiding Judge, friend of the defendant should have ordered defendants in that case to pay the required fees or dismiss the counter claims but instead, he continued to enter void orders and ignoring

plaintiff oral motion to dismiss the counter claim, here the Judge and attorney Spinak under the color of the state violated plaintiff rights.

> (a) Unreasonably, unnecessarily, filing a counterclaim without paying the fee, even without any motion for fee waver from the court or
> (b) Unreasonably and unnecessarily failed to stay case pending until proper fees are paid or otherwise dismiss the counterclaims, or restrain his actions for further litigation when he knew or should have known that the paying for counterclaim fee is mandatory not discretional ,and the delay caused by such error would cause substantial injury to the plaintiff, Innocent Obi
> (c) Unreasonably and unnecessarily restrained the liberty of Innocent Obi from receiving a fair and speedy trial or
> (e) Was otherwise in violation of Innocent Obi's civil rights.

52. That the aforesaid acts were committed with reckless disregarded for the needs of others and constituted conduct in violation of Innocent Obi's civil rights.

53. That Attorney Michael D. Spinak and Spinak & Babcock P.C acted willfully, deliberately, maliciously, or with reckless disregarded for Innocent Obi's established constitutional rights.

54. The misconduct described in the Court was objectively unreasonable and was undertaken intentionally with willful indifference to Innocent Obi's constitutional rights.

55. As a direct and proximate result of one or more of the above-stated acts and/or omissions by defendant's, Innocent Obi sustained severe emotional distress and loss of income.

56. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions attorney Michael D. Spinak, the constitutional rights of Innocent Obi was deprived.

**WHEREFORE** THE PLAINTIFF, Innocent Obi, request that the Court enter judgment in favor of Plaintiff Innocent Obi and against Defendant Michael D. Spinak and Spinak & Babcock, award compensatory damages against Defendant and award punitive damages against Defendant Michael D. Spinak, through his law firm Spinak & Babcock P.C., in his individual capacity, in an amount to be determined by the jury upon trail of the case, and award Plaintiff attorney's fees and costs.

## Count VIII
### ( Failures to Intervene – 42 U.S.C. § 1983 – 4th Amendment)
### (Dorothy Brown-Clerk of Circuit Court of Cook County)

57. All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

58. Upon information and belief, that fees for counterclaim was not paid by defendant on the case he was representing his client, that the office of the clerk of cook County should have voided the counterclaim since no fee was paid, or shouldn't have accepted it at all, although investigation prove that defendant Michael D. Spinak did a free stamping filing without going through the cashiers counter, because if he could have gone through the cashier counter, fees should have been demanded or restricted to file.

Moreover Hon. Judge Garber Sheldon should have stayed the counterclaim until correct and proper fees were paid or counterclaims dismissed for non payment of fees, in both situations the procedure was neglected and ignored. Dorothy Browns office had a reasonable opportunity to prevent the violation of Innocent Obi's constitutional rights as set forth above had she been so inclined, but failed to do so.

59. As a result of the aforementioned Clerk of the Circuit Court' of Cook County's' failure to intervene, Innocent Obi suffered loss of income, emotional distress.

60. The aforementioned clerk of the circuit court's actions were undertaken intentionally, with malice and reckless indifference to the constitutional rights of Innocent Obi

61. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Circuit Court of Cook County in the Civil Department in the manner described more fully above.

62. The misconduct described in this Count was Undertaken by one or more unknown staff of the clerks office (or in conspiracy with defendant Michael D. Spinak) within the scope of their employment and under color of such that her employer, the circuit Court of Cook Count), is liable for her actions.

**WHEREFORE** the plaintiff, Innocent Obi, request that the Court enter judgment in favor of Plaintiff Innocent Obi and against Defendant clerk of the Circuit Court of Cook County, award compensatory damages against Defendant and ward punitive damages against Defendant circuit court of Cook County, in an amount to be determined by the jury upon trial of this case, and award Plaintiff attorney's fees and costs.

### Count IX
### State Law – *Defendant Superior*
### (Innocent Obi)

63. All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

64. In committing the acts alleged in the preceding paragraphs, the defendants were members and/or agents of the government entities acting at all relevant times with the scope of their employment.

65. The government entities are liable as principal for all torts committed by its agents.

**WHEREFORE** the plaintiffs, Innocent Obi, request that the Court enter judgment in favor of Plaintiff and against Defendant Dorothy Brown Clerk of the circuit court of Cook County, award compensatory damages against Defendant Clerk of the circuit court of Cook County and Michael D Spinak, Spinak & Babcock P.C, in an amount to be determined by the jury upon trail of this case, and award Plaintiffs attorney's fees and cost.

### Count X
### State Law – Indemnification
### (Innocent Obi)

66. All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

67. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

68. The individuals identified in the foregoing paragraphs are or were employees of the defendant entitled, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE** the plaintiffs, Innocent Obi, request that the Court enter judgment in favor of Plaintiff and against Defendant Dorothy Brown-Clerk of the Circuit Court of Cook County, award compensatory damages against Defendant, in an amount to be determined by the jury upon trial of this case, and award Plaintiffs attorney's fees and costs.

## JURY DEMAND

Plaintiff, Innocent Obi, assert his right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues

**WHEREFORE**, Plaintiff demand judgment against each and every defendant, for compensatory damages and any other amount as shall be fair and just compensation

Respectfully Submitted,

By _____
Innocent Obi
Pro Se

Innocent Obi
P.O. Box 490122
Chicago IL. 60649
773-841-6166