Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5149 | **DATE** | 8/25/2010 |
| **CASE TITLE** | Obi vs. Spinak et al | | |

**DOCKET ENTRY TEXT**

Obi's Motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is denied as moot. The complaint is dismissed because the Court abstains from exercising jurisdiction over his claims.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Innocent Obi ("Obi") moves the Court to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. Obi's *pro se* Complaint alleges that the Defendants–an attorney, the clerk of the Cook County Circuit Court, and two individuals—engaged in a conspiracy to violate his due process rights in the course of a state-court proceeding in Cook County.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Obi to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Obi need not be penniless in order to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing life's necessities. *See id.* According to his financial affidavit, Obi is currently supporting himself and five children with minimal income from public unemployment assistance. The Court finds that the financial affidavit sets forth Obi's inability to pay the mandated court fees. He would therefore be qualified to proceed *in forma pauperis*.

The Court, however, must look beyond Obi's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

Here, Obi seeks federal constitutional relief for alleged violations of his rights arising from what appears to be an ongoing state-court lawsuit.[1] Federal courts must abstain from involving themselves in a state court proceeding if that proceeding (1) is judicial in nature, (2) implicates important state interests, (3) offers an adequate opportunity for review of constitutional claims, and (4) does not present extraordinary circumstances making abstention inappropriate. *See Younger v. Harris*, 401 U.S. 37 (1971). Here, all of the conduct about

| STATEMENT |
|---|
| which Obi complains occurred in the course of a state-court civil proceeding, which is self-evidently judicial in nature. Many of his allegations focus on alleged violations of state-court rules and state ethical codes for attorneys' conduct, both of which implicate important state interests. *See Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 434-35 (1982) (*Younger* abstention appropriate where there are ongoing disciplinary proceedings against a state-licensed attorney). Further, Obi may seek remedies for his federal constitutional claims on direct appeal in the state court system or by filing appropriate state-court complaints. *See Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986) ("state courts are just as able to enforce federal constitutional rights as federal courts"). Finally, Obi has presented no evidence of extraordinary circumstances that would make abstention inappropriate in this case. <br><br> Although Obi qualifies financially to proceed *in forma pauperis*, his Motion to do so is denied and his Complaint is dismissed because the Court abstains from exercising jurisdiction over his claims. Obi's Motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is denied as moot. |

1. The Court takes judicial notice of the records of the Circuit Court of Cook County, which reflect that a case captioned "Innocent v. Fultz," 2008-MI-71145, is still active in that court. *See* Case Information Summary, https://w3.courtlink.lexisnexis.com/cookcounty/Finddock.asp?DocketKey=CAAI0MB0HBBEFF0MD. The defendants in that action, who are also named as Defendants here, were at one point represented by an attorney who is a Defendant to this Complaint.